UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE D. BLACK,

Plaintiff,

v.

DIRECTOR HEIDI E.
WASHINGTON, *et al*.,

Defendants.

Case No. 24-13417
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

**ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PROTECTIVE ORDER
(ECF NO. 17)**

---

Defendants move for a protective order under Federal Rule of Civil Procedure 26(c)(1) related to video footage of an alleged assault within a prison.  ECF No. 17.  They seek to have the video treated as "attorney eyes only" (AEO) and solely for use in this case.  *Id*.  "Without restrictions, Plaintiff's counsel could give a copy of the video to Plaintiff, or Plaintiff's family, or even publicly air it on YouTube or share it with the media."  *Id*., PageID.116.  Defendants note that courts within this district have recognized the security risks associated with the public disclosure of the interiors of prisons.  *See Peterson v. Corby,* 347 F.R.D. 192, 197 (E.D.

Mich. 2024); *Est. of Miller v. Mich. Dep't of Corr.*, No. 22-10934, 2022 WL 3153794, at *1 (E.D. Mich. Aug. 8, 2022).

Objecting to the protective order, plaintiff argues that he should be allowed to play the video in open court.  ECF No. 18, PageID.136.  But protective orders do not control whether evidence may be used during open court proceedings.  "[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  The *Shane Grp.* court explained, "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record."  *Id.* (cleaned up).

So an AEO protective order would not preclude plaintiff from playing the video in open court.  Defendants might object to playing the video in open court, but they would have to overcome a "strong presumption in favor of openness as to court records."  *Id.* (cleaned up).

The Court thus **GRANTS IN PART** defendants' motion for protective order.  Plaintiff's counsel will be permitted to (1) share the footage with any

experts and no one else and (2) show the video footage to plaintiff and no one else.  Plaintiff's experts may not show or share the video with anyone else.

**IT IS ORDERED.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: April 1, 2025                    United States Magistrate Judge

## <u>NOTICE TO PARTIES ABOUT OBJECTIONS</u>

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 1, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager