UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE D. BLACK,

    Plaintiff,

v.

Case No. 24-cv-13417
Honorable Linda V. Parker

DIRECTOR HEIDI E. WASHINGTON, WARDEN FREDEANE ARTIS, LIEUTENANT WILLIAM WOODS, SERGEANT CHARLES DRUMMER, SERGEANT STEVEN KINASZ, SERGEANT KYLE EDDY, JEREMY LABELLE, NATHANIEL ZILISCH, PAUL HOWE, REBECCA GRAVER, WILLIAM BOTOS, FORREST BRENT, JACLYN WELICKI, MICHAEL SEITER, SUE DESISTO, ZACHARY SEVERN, AUSTYN ZELINSKI, STEPHANIE PILARSKI, DESMOND PAVEY, PETE HUTSON, *and* JOHNATHON KAYFES,

    Defendants.

_____/

### OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT PAUL HOWE (ECF NO. 42)

Plaintiff initiated this lawsuit against several individuals on December 19, 2024. On April 10, 2025, he filed a First Amended Complaint, which added Paul Howe as a Defendant. (ECF No. 25.) The matter is presently before the Court on Plaintiff's motion for alternative service on Howe, which the remaining served defendants do not oppose. (ECF No. 42.)

Pursuant to Federal Rule of Civil Procedure 4(e), Plaintiff may serve the complaint and summons on Howe: (A) personally; (B) by leaving the documents at Howe's "dwelling or usual place of abode with someone of suitable age and

discretion who resides there;" (C) by "delivering a copy . . . to an agent authorized by appointment or by law to receive service of process;" or (D) by any means allowed under Michigan law.  In addition to (A) above, Michigan Court Rule 2.105(A) allows for service on Howe via registered or certified mail, return receipt requested, and delivery restricted to the addressee.  However, Michigan Court Rule 2.105 further provides that, upon "a showing that service of process cannot reasonably be made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard."  Mich. Ct. R. 2.105(J)(1).

    Plaintiff's process server states in an affidavit that he attempted to serve Howe personally at an address associated with him in Newport, Tennessee, on April 21, but the property was under construction.  (ECF No. 42-11.)  Another process server indicates in an affidavit that she attempted, without success, to personally serve Howe at an address associated with him in Lapeer, Michigan, on May 3, 7, and 8.  (ECF No. 42-13.)  United States Postal Service records reflect Plaintiff's unsuccessful efforts to serve Howe at both addresses via certified mail with restricted delivery and return receipt requested.  (ECF Nos. 42-6, 42-8, 42-9.)  Following these unsuccessful efforts, the process server posted the First Amended

Complaint and Summons at the Michigan address on May 23, 2025.  (ECF No. 42-14.)

The documentation attached to Plaintiff's motion reflects his inability to serve Howe through the methods set forth in Federal Rule of Civil Procedure 4(e) and Michigan Court Rule 2.105(A).  Plaintiff's alternative method of service—posting at the Michigan address—is reasonably calculated to give Howe actual notice of the proceedings and an opportunity to be heard.

Accordingly, the Court **GRANTS** Plaintiff's motion for alternative service on Howe (ECF No. 42).  Plaintiff shall serve Howe by posting (1) the Summons, (2) the Second Amended Complaint, and (3) this Opinion and Order on the door of Howe's residential Michigan address.  Necessary future filings may be served by the same method.  Plaintiff shall also file a Certificate of Service with the Court after he serves Howe as directed herein.

**SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: June 25, 2025